UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BART DEWALD,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-441-JD-MGG

DORTHY LIVERS, et al.

    Defendants.

## OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, filed a complaint against Health Service Administrator Dorothy Livers, Dr. Andrew Liaw, Nurse Practitioner Dishita Patel, and Centurion Healthcare Employees alleging he is being denied constitutionally adequate medical care for his chronic and severe dizziness in violation of the Eighth Amendment. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewald alleges that starting about six months ago in December 2021, he began to feel dizzy. ECF 3 at 2. He states he gets dizzy when he stands up too fast and then he must sit down quickly so that he does not fall. *Id.* Dewald asserts he is constantly dizzy,

and his equilibrium is off. *Id*. He feels fatigued with muscle weakness as if he is not getting enough oxygen and is constantly passing out. *Id*. Dewald has submitted more than ten healthcare requests only to be told his dizziness is chronic and no medical testing will be performed. *Id*. He asserts he is miserable and cannot continue to live without appropriate medical care. *Id*.

Dewald further explains that before he was incarcerated in 2010, a cardiologist told him he needed stents in two arteries in his heart and his main heart valve had a seventy-five percent blockage. *Id*. He also has six loose vertebrates and two bulging discs in his neck that he believes may be compressing his nerves and arteries causing a lack of oxygen to his brain. *Id*. at 3. Prior to his incarceration, Dewald underwent intense physical therapy for his neck injury and was told he must continue therapy, or the entrapped vertebrates would cause severe complications. *Id*.

Dewald reported his heart condition to Health Service Administrator Livers, Dr. Liaw, and Nurse Practitioner Patel. *Id*. at 2. However, Dewald asserts that one prison nurse told him the defendants had a meeting about his condition and decided they would not provide him with outside medical care because it was too costly. *Id*. at 3. A second prison nurse told Dewald that Livers asked her to give Dewald's healthcare requests to Livers. *Id*. He asserts Livers has not forwarded his requests to the prison's doctor and she will not return copies of his requests to him. *Id*. Dewald believes he needs medical treatment and testing for his chronic and severe dizziness, but the defendants refuse to refer him for additional care outside of the prison.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth

3

Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Giving Dewald the benefit of the inferences to which he is entitled at this stage of the case, he has alleged facts from which it can be plausibly inferred that Health Service Administrator Livers, Dr. Liaw, and Nurse Practitioner Patel were deliberately indifferent to his serious need for medical treatment for his chronic and severe dizziness. Additionally, the court will direct the clerk to add the Warden of Westville Correctional Facility as a defendant and will permit Dewald to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to obtain medical care for his condition that is consistent with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Furthermore, while it is not entirely clear from the complaint if Dewald intended to name Centurion Healthcare Employees as a defendant in this case, assuming that he intended to name Centurion as a corporate defendant, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Centurion cannot be held liable solely because it employs medical staff at Westville Correctional Facility. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Any allegations against Centurion Healthcare Services are

4

based only on the alleged poor decisions that its staff made in connection with Dewald's care, and he therefore cannot proceed against Centurion Healthcare Services. To the extent he is suing unnamed members of Centurion's staff, Dewald cannot proceed against unnamed defendants.. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). This corporate defendant will be dismissed.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(2) GRANTS Bert Dewald leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for an injunctive relief claim to provide constitutionally adequate treatment for his chronic and severe dizziness, as required by the Eighth Amendment;

(3) GRANTS Bart Dewald leave to proceed against Health Services Administrator Dorothy Livers, Dr. Andrew Liaw, and Nurse Practitioner Dishita Patel in their individual capacities for compensatory and punitive damages for providing constitutionally inadequate medical care for his chronic and severe dizziness, in violation of the Eighth Amendment;

(4) DISMISSES Centurion Healthcare Employees;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Warden of the Westville Correctional Facility, at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 3);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Health Service Administrator Dorothy Livers, Dr. Andrew Liaw, and Nurse Practitioner Dishita Patel at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 3);

(8) DIRECTS the clerk to fax or email a copy of the request for waiver of service, this order, and the complaint (ECF 3) to the Warden of the Westville Correctional Facility;

(9) ORDERS the Warden of the Westville Correctional Facility to provide a sworn declaration or affidavit with supporting medical documentation as necessary by **July 6, 2022**, explaining how Bart Dewald's chronic and severe dizziness, IDOC # 174244, is being addressed in a manner that complies with the Eighth Amendment;

(10) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility, Health Service Administrator Dorothy Livers, Dr. Andrew Liaw, and Nurse Practitioner Dishita Patel to respond, as provided for in the Federal Rules of

Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on June 16, 2022

                                          /s/JON E. DEGUILIO
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT