UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BART DEWALD, <br><br>  Plaintiff, <br><br> v. <br><br> DORTHY LIVERS, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-441-JD-MGG |

OPINION AND ORDER

Bart Dewald, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against the Warden of the Westville Correctional Facility in his official capacity for an injunctive relief claim to provide constitutionally adequate treatment for his chronic and severe dizziness, as required by the Eighth Amendment[.]" ECF 6 at 5. Second, he is proceeding "against Health Services Administrator Dorothy Livers, Dr. Andrew Liaw, and Nurse Practitioner Dishita Patel in their individual capacities for compensatory and punitive damages for providing constitutionally inadequate medical care for his chronic and severe dizziness, in violation of the Eighth Amendment[.]" *Id.* On October 11, 2022, the warden filed a motion for summary judgment, arguing Dewald did not exhaust his administrative remedies before filing this lawsuit. ECF 23. On October 14, 2022, the medical defendants filed a separate motion for summary judgment, also arguing Dewald did not exhaust his administrative remedies. ECF 28. With the motions, the defendants provided

Dewald the notice required by N.D. Ind. L.R. 56-1(f). ECF 26, 31. Attached to the notices were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Dewald's deadline until March 10, 2023, to respond to the summary judgment motions. ECF 41. This deadline passed over three months ago, but Dewald has not responded. Therefore the court will now rule on the defendants' summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the prison's Grievance Specialist, who attests to the following facts:[1] In order to exhaust a grievance, an offender must complete three steps: (1) a formal grievance; (2) a Level I appeal; and (3) a Level II appeal. ECF 24-1 at 2; ECF 24-2 at 3. On April 27, 2022, Dewald submitted Grievance 140960, complaining he was being denied medical attention for his dizzy spells and depression. ECF 24-1 at 5; ECF 24-3 at 2. On May 13, 2022, the grievance office issued a response denying Grievance 140960, stating Dewald had been seen by medical for the

---

[1] Because Dewald has not responded to the defendants' summary judgment motions, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

issue. ECF 24-1 at 5; ECF 24-3 at 1. Dewald never appealed the grievance office's denial of Grievance 140960, as was required to exhaust the grievance. ECF 24-1 at 5; ECF 24-3 at 1; ECF 24-4.

Here, because it is undisputed Dewald did not fully exhaust Grievance 140960, and Dewald provides no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable, the defendants have met their burden to show Dewald did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' motions for summary judgment (ECF 23, ECF 28); AND

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Bart Dewald and to close this case.

SO ORDERED on June 28, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT